**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SEAN P. GASKIN )<br>    3rd Avenue )<br>    Station Hill )<br>    St. Michaels, Barbados, )<br>        and, )<br>)<br>JOHN W. SCANTLEBURY, )<br>    56 Coconut Palm Avenue )<br>    Durette Garden )<br>    St. Phillip, Barbados, )<br>        Plaintiffs, )<br>)<br>        v. )<br>)<br>UNITED STATES OF AMERICA, )<br>    950 Pennsylvania Avenue, NW )<br>    Washington, DC 20530, )<br>        Defendant. ) | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs Sean Gaskin and John W. Scantlebury (collectively hereinafter, "Plaintiffs") seek declaratory and injunctive relief based on the following allegations:

**NATURE OF THE ACTION**

1. This action concerns the original lack of probable cause and wrongfulness of the indictment and warrants issued against Plaintiffs by defendant United States of America (hereinafter, "Defendant" or "United States") in *United States v. Hawkesworth,* No. 1:04-0285-EGS (D.D.C.) (hereinafter, "No. 1:04-0285-EGS"), and the declaratory and injunctive relief required to redress the resulting and ongoing injuries that Plaintiffs have suffered.

2. As set forth more fully in Paragraph 60, Plaintiffs seek the following injunctive and declaratory relief:

    (a)     Declare that Defendant United States lacked probable cause to indict or

1

arrest Plaintiffs when No. 1:04-0285-EGS was filed in 2004;

(b) Declare that Defendant United States lacked probable cause to indict or arrest Plaintiffs when they were remanded into custody in Barbados in 2011;

(c) Declare that Defendant United States has no pending charges against Plaintiffs in No. 1:04-0285-EGS or any other case in a U.S. court; and

(d) Enjoin Defendant United States and its officers and agents from detaining or restricting Plaintiffs in their travels and from otherwise impairing Plaintiffs' travels or associations within the United States or abroad on the basis of the actions alleged in No. 1:04-0285-EGS;

The requested relief is necessary to avoid the denial of Plaintiffs' liberty and property without due process of law and their right to associate freely.

## PARTIES

3. Plaintiffs are residents of Barbados whose families include Barbadian citizens, U.S. citizens (including without limitation Mr. Scantlebury's daughter and Mr. Gaskin's wife), and dual U.S.-Barbadian citizens. When living in the United States, Plaintiff Scantlebury used the surname Trotman, which is his father's surname; Scantlebury is his mother's surname, which he uses in Barbados. As set forth more fully below, both Plaintiffs were wrongfully indicted in No. 1:04-0285-EGS and imprisoned in Barbados pending extradition.

4. Defendant United States is the federal sovereign and the prosecuting party in the criminal action(s) unlawfully brought against Messrs. Gaskin and Scantlebury, including No. 1:04-0285-EGS.

**JURISDICTION AND VENUE**

5. This action arises out of Defendant's violations of the First, Fourth, and Fifth Amendments of the U.S. Constitution. As such, this action raises federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. §1331.

6. Pursuant to 28 U.S.C. §1391(e), venue is proper in the District of Columbia, the seat of the federal government, as well as the location where a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred.

7. Pursuant to 5 U.S.C. §703, venue is proper in any court of competent jurisdiction.

**STANDING, RIPENESS, AND NON-MOOTNESS**

8. An actual and justiciable controversy exists between Plaintiffs and Defendant.

9. Plaintiffs' imprisonment – particularly, the longer imprisonment from 2011 to 2014 – impaired their abilities to tend to their financial affairs. That impairment includes, without limitation, civil actions now pending against Plaintiffs and/or their assets under breach-of-contract, default, and foreclosure theories; Plaintiffs' position in such legal actions would benefit from Plaintiffs' ability to invoke force-majeure clauses on the basis of their conclusively wrongful imprisonment.

10. Plaintiffs have been unable to obtain travel documents and authorizations from the Barbadian government as the result of their perceived involvement in illegal activities due to Defendant United States' wrongful indictment of Plaintiffs, which the requested declaratory and injunctive relief would redress by establishing that Plaintiffs were wholly innocent of the charges brought against them by Defendant United States.

11. Even travel within the Caribbean Basin is burdensome and carries significant risk of wrongful extradition to the United States, based on the extradition laws and treaties of the

various Caribbean nations to which Plaintiffs wish to travel but for the barriers imposed by the threat of extradition.

12. The foregoing restrictions and impairments of Plaintiffs' ability to travel safely have impaired their ability to visit with family, both abroad and in the United States.

13. Because No. 1:04-0285-EGS is sealed as to them, Plaintiffs do not know whether that action – or any other action, based on the same grounds, but similarly sealed – still is ongoing. Moreover, even if No. 1:04-0285-EGS is closed as to them and no other action has been opened, the ongoing seal over that proceeding impairs Plaintiffs' ability to disprove the ongoing suspicions and assertions that they still are under indictment or were involved in illegal drug-related activities.

14. The relief requested in Paragraph 60 would redress the foregoing injuries by establishing authoritatively that Plaintiffs did not engage in the illegal activity alleged in No. 1:04-0285-EGS and are not subject to open charges in the United States.

## SOVEREIGN IMMUNITY

15. Pursuant to 5 U.S.C. §702, Defendant United States has waived its sovereign immunity for actions against itself, its instrumentalities, and its officers for non-monetary injunctive and declaratory relief and for the entry of judgments and decrees against the United States in such actions.

16. The United States has waived sovereign immunity for this action and for the relief sought in Paragraph 60.

## CONSTITUTIONAL BACKGROUND

17. The First Amendment protects the right of free association, including the right to associate with family members.

18. The Fourth Amendment protects against unreasonable searches and seizures and the issuance of warrants without probable cause.

19. The Due Process Clause of the Fifth Amendment prohibits the denial of life, liberty, or property without due process of law.

20. The liberty interest protected by the Due Process Clause of the Fifth Amendment includes the right to travel.

## FACTUAL BACKGROUND

21. On or about September 20, 2003, U.S. Immigration and Customs Enforcement and the federal Drug Enforcement Agency ("DEA") interdicted a 184-kilogram shipment of cocaine at John F. Kennedy ("JFK") airport in New York.

22. On or about November 11, 2003, the federal government arrested 25 people – who were eventually convicted – in connection with the 184-kilogram JFK cocaine shipment.

23. On or about May 19, 2004, in No. 1:04-0285-EGS filed under seal, Defendant United States charged Plaintiffs and three other men – Frederick Hawkesworth of Barbados and Raphel Douglas and Terrence Sugrim of Guyana – with distribution of cocaine and conspiracy to distribute cocaine in connection not only with the 184-kilogram JFK shipment but also with an alleged two-kilogram sale in Barbados that allegedly was intended for distribution to the United States.

24. On June 17, 2004, a federal grand jury for the District of Columbia returned an indictment based on – and superseding – the criminal complaint filed on May 19, 2004.

25. In support of the indictment, arrest, and extradition of the five defendants in No. 1:04-0285-EGS, Senior Trial Attorney Stephen M. May, DEA Special Agent Gordon Patten, Jr., and a DEA confidential informant made out affidavits that alleged, *inter alia,* that the United

5

States had made no arrests in conjunction with the 184-kilogram JFK shipment and that these five defendants were involved in the 184-kilogram JFK shipment.

26. Neither Plaintiffs nor Messrs. Hawkesworth, Douglas, and Sugrim were among those arrested for the 184-kilogram JFK cocaine shipment, and neither Plaintiffs nor Messrs. Hawkesworth, Douglas, and Sugrim were responsible for the 184-kilogram JFK cocaine shipment.

27. Other than its false affidavits, Defendant United States did not have any evidence to connect Plaintiffs or Messrs. Hawkesworth, Douglas, and Sugrim with the 184-kilogram JFK cocaine shipment.

28. On the basis of the affidavits referenced in Paragraph 25 and arrest warrants based on those affidavits, Defendant United States sought the extradition of Plaintiffs and Mr. Hawkesworth from Barbados.

29. On or about May 27-31, 2004, Plaintiffs and Mr. Hawkesworth were arrested pending extradition and jailed in Barbados prisons. All three men eventually were released on bail: Mr. Gaskin on February 7, 2005, Mr. Scantlebury on June 26, 2004, and Mr. Hawkesworth in September 2004.

30. Trinidad and Tobago extradited Mr. Douglas to stand trial in No. 1:04-0285-EGS in the United States, where he was held pending the extradition of his co-defendants.

31. Mr. Douglas's counsel moved successfully to unseal No. 1:04-0285-EGS as to Mr. Douglas only; No. 1:04-0285-EGS remains sealed as to the other four defendants.

32. During the pre-trial proceedings in No. 1:04-0285-EGS, Mr. Douglas through counsel identified several false statements in the affidavits that Defendant United States used to support indictment, arrest, and extradition in No. 1:04-0285-EGS.

33. In light of these discrepancies, on February 13, 2007, the presiding judge in No. 1:04-0285-EGS directed counsel for the United States to produce Mr. May as a witness: "I want to hear from him under oath why he made those misstatements … [a]nd I suggest he bring his attorney also."

34. On information and belief, which likely could be proved with a reasonable opportunity for discovery, the federal Department of Justice and individual lawyers and officials therein offered Mr. Douglas the opportunity to be released in exchange for time served and dismissed No. 1:04-0285-EGS with respect to Mr. Douglas in order to avoid appearing before this Court as ordered.

35. Because No. 1:04-0285-EGS is sealed as to all defendants except Mr. Douglas, Plaintiffs do not know whether charges still are pending against them in No. 1:04-0285-EGS or in another action – sealed or otherwise – elsewhere.

36. On or about February 20, 2007, acting through the same Department of Justice lawyers and officials, Defendant United States filed *United States v. Douglas,* No. 1:07-cr-0137-RJD (E.D.N.Y.) (hereinafter, "No. 1:07-cr-0137-RJD"), against Messrs. Hawkesworth, Douglas, and Sugrim – but not against Plaintiffs – in the U.S. District Court for the Eastern District of New York.

37. In No. 1:07-cr-0137-RJD, the United States charged the three defendants there – namely, Messrs. Hawkesworth, Douglas, and Sugrim – with the same distribution and conspiracy to distribute cocaine as was charged in No. 1:04-0285-EGS , as well as two counts against Mr. Douglas only for using a communication facility (*i.e.,* a telephone or cellular phone) in connection with distributing narcotics.

7

38. Defendant United States filed No. 1:07-cr-0137-RJD in New York on the same day that Defendant United States formally moved to dismiss No. 1:04-0285-EGS as to Mr. Douglas only. The motion(s), if any, to dismiss No. 1:04-0285-EGS as to the other four defendants are under seal and thus currently unavailable to Plaintiffs.

39. On or about May 27, 2004, a private Barbadian solicitor first appeared on behalf of the United States in the United States' extradition-related proceedings in Barbados that were commenced in connection with the extradition request for No. 1:04-0285-EGS. Those court proceedings continued through at least December 27, 2012, and other extradition-related, habeas corpus, and bail-related proceedings continued in Barbados at least through November 13, 2013.

40. At no point in any of these Barbadian legal proceedings did the United States, its Barbadian counsel, or the federal Department of Justice disclose that No. 1:04-0285-EGS had been dismissed or that No. 1:07-cr-0137-RJD (or any other case) had been commenced.

41. On or about June 9, 2011, Barbados remanded Plaintiffs and Mr. Hawkesworth to jail awaiting extradition.

42. To the extent that Defendant United States dismissed No. 1:04-0285-EGS as to all five defendants – including Plaintiffs – and did not open a new sealed case against Plaintiffs in 2007 when Defendant United States filed No. 1:07-cr-0137-RJD against Messrs. Hawkesworth, Douglas, and Sugrim, there were *no charges* pending against Plaintiffs when Barbados remanded Plaintiffs to custody in 2011.

43. On or about November 15, 2013, upon determining that he might be treated better in a federal detention facility managed by Defendant United States and that he could possibly seek the dismissal of the charges wrongly brought against him, Mr. Gaskin formally waived extradition so that he could come to the United States to face those charges. (On or about April 4,

2013, Mr. Gaskin had orally volunteered to waive extradition, but the Barbadian judge advised him to speak with his lawyers and to put the request in writing.)

44. On or about January 9, 2014, Barbadian authorities released Plaintiffs and Mr. Hawkesworth In 2014, after the United States failed to claim Mr. Gaskin for extradition.

## COUNT I
## WRONGFUL PROSECUTION

45. Plaintiffs incorporate Paragraphs 1-44 and 48-60 as if fully set forth herein.

46. The evidence on which Defendant United States relied to indict and seek the arrest of Plaintiffs was false, and Defendant United States lacked probable cause for arrest of Plaintiffs in 2004 and at all times thereafter.

47. For the foregoing reasons, the prosecution of Plaintiffs was without probable cause and thus unlawful.

## COUNT II
## WRONGFUL IMPRISONMENT

48. Plaintiffs incorporate Paragraphs 1-47 and 53-60 as if fully set forth herein.

49. The imprisonment of Plaintiffs in 2004 pending their extradition to the United States was unlawful because Defendant United States lacked probable cause for their arrest in 2004 and at all times thereafter.

50. The imprisonment of Plaintiffs in 2011 pending their extradition to the United States was unlawful because Defendant United States lacked probable cause for their arrest in 2011 and at all times thereafter.

51. To the extent that Defendant United States dismissed No. 1:04-0285-EGS as against Plaintiffs at the same time that Defendant United States dismissed No. 1:04-0285-EGS as against Mr. Douglas and did not commence any new actions – under seal or otherwise – against

9

Plaintiffs, imprisonment of Plaintiffs in 2011 pending their extradition to the United States was unlawful because Defendant United States lacked any cause whatsoever for their arrest in 2011 and at all times thereafter.

52. For the foregoing reasons, the imprisonment of Plaintiffs was without probable cause and thus unlawful.

## COUNT III
## RESTRICTIONS OF THE RIGHT TO TRAVEL AND TO ASSOCIATE FREELY

53. Plaintiffs incorporate Paragraphs 1-52 and 56-60 as if fully set forth herein.

54. Defendant United States' unlawful indictment, arrest warrant(s), and extradition request(s) without probable cause violate Plaintiffs' right to travel and prevent their travel not only abroad – for fear of wrongful extradition to the United States – but also to the United States to visit family, including family who are citizens of the United States.

55. For the foregoing reasons, Defendant's ongoing impairment of Plaintiffs' rights to travel and to associate freely is unlawful.

## IRREPARABLE HARM AND INADEQUATE ALTERNATE REMEDIES

56. A plaintiff's irreparable injury and lack of an adequate legal remedy justify injunctive relief. In addition to the declaratory relief requested in Paragraph 60, because Plaintiffs' imminent and ongoing exposure to irreparable injury from unlawful federal actions and threatened actions entitles Plaintiffs to injunctive relief.

57. Defendants' actions and omissions have irreparably injured and continue to irreparably injure Plaintiffs' rights to travel and to associate freely both abroad and with relatives in the United States.

58. Plaintiffs lack an alternative remedy for the injunctive and declaratory relief requested in Paragraph 60.

59. Because this Court has jurisdiction as a threshold matter, the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, provides this Court the power to "declare the rights and other legal relations of any interested party…, whether or not further relief is or could be sought." 28 U.S.C. §2201; *accord* FED. R. CIV. P. 57 advisory committee note ("the fact that another remedy would be equally effective affords no ground for declining declaratory relief").

## **PRAYER FOR RELIEF**

60. Wherefore, Plaintiffs Gaskin and Scantlebury respectfully request that this Court grant the following relief:

A. Pursuant to 5 U.S.C. §706, 28 U.S.C. §§1331, 2201-2202, and FED. R. CIV. PROC. 57, a Declaratory Judgment that:

  (i) There was no probable cause to arrest or imprison Plaintiffs – pending extradition or otherwise – when the United States commenced No. 1:04-0285-EGS;

  (ii) There was no probable cause to arrest or imprison Plaintiffs – pending extradition or otherwise – when Plaintiffs were remanded to custody in 2011; and

  (iii) There are no open charges by Defendant United States against Plaintiffs in any court in the United States.

B. Pursuant to 5 U.S.C. §706, 28 U.S.C. §§1331, 2202, and this Court's equitable powers, an Order providing that Defendant United States and its officers and agents are enjoined from detaining or restricting Plaintiffs in their travels and from otherwise impairing Plaintiffs' travels or associations within the United States or abroad on the basis of the actions alleged in No. 1:04-0285-EGS.

C. Pursuant to 28 U.S.C. §2412 and any other applicable provisions of law or equity, award Plaintiffs their costs and reasonable attorneys' fees.

D.     Such other relief as may be just and proper.

Dated: January 8, 2015         Respectfully submitted,

   /s/ Lawrence J. Joseph
_____

Lawrence J. Joseph, D.C. Bar No. 464777

1250 Connecticut Ave, NW, Suite 200
Washington, DC 20036
Telephone: (202) 355-9452
Telecopier: (202) 318-2254
Email: ljoseph@larryjoseph.com

*Counsel for Plaintiffs Gaskin and Scantlebury*